Gary G. Allen, ISB No. 4366
Peter G. Barton, ISB No. 7652
Elizabeth M. Donick, ISB No. 8019
Kelsey J. Nunez, ISB No. 7899
GIVENS PURSLEY LLP
600 W. Bannock Street
P.O. Box 2720
Boise, Idaho 83701
Telephone Number: (208) 388-1200
Facsimile: (208) 388-1300
10676-3, 1257180_2

*Attorneys for Plaintiffs Hayden Area Regional Sewer Board and City of Post Falls*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HAYDEN AREA REGIONAL SEWER BOARD, an Idaho joint powers entity, and CITY OF POST FALLS, an Idaho municipal corporation and political subdivision of the State of Idaho,<br><br>       *Plaintiffs*,<br><br>  and<br><br>CITY OF COEUR D'ALENE, an Idaho municipal corporation and political subdivision of the State of Idaho,<br><br>       *Plaintiff-Intervenor*,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, an agency of the United States; LISA P. JACKSON, in her capacity as Administrator of the United States Environmental Protection Agency; and DENNIS MCLERRAN, in his capacity as Regional Administrator of Region 10 of the United States Environmental Protection Agency,<br><br>       *Defendants*,<br><br>  and<br><br>AVISTA CORPORATION, a Washington corporation, KAISER ALUMINUM FABRICATED PRODUCTS, LLC, a Delaware corporation, and<br>SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>       *Defendant-Intervenors.* | Case No. 2:10-cv-00362-EJL<br><br>UNOPPOSED MOTION TO STAY PROCEEDINGS |

Plaintiffs (Hayden Area Regional Sewer Board and the City of Post Falls) by and through their attorneys of record, Givens Pursley LLP, hereby move that the above-captioned litigation be stayed as more fully described below so that the matter can be resolved without further litigation.  Plaintiff-Intervenor City of Coeur d'Alene and Defendants (United States Environmental Protection Agency ("EPA"), Lisa P. Jackson, and Dennis McLerran) consent to this motion.  Defendant-Intervenors (Avista Corporation, Kaiser Aluminum Fabricated Products, LLC, and Spokane County) have been contacted and do not oppose this motion.

Plaintiffs and Plaintiff-Intervenor (collectively, the "Idaho Dischargers") brought this action to challenge EPA's approval of the Spokane River and Lake Spokane Dissolved Oxygen Total Maximum Daily Load Water Quality Improvement Report, Revised February 2010, Publication No. 07-10-073 (the "Spokane River TMDL").  The Idaho Dischargers and Defendants have engaged in extensive settlement negotiations in an effort to resolve this matter for more than one year.  The negotiations have been conducted at EPA regional headquarters in Seattle and at the EPA regional office in Boise and involve complex computer modeling of the Spokane River under different scenarios.  The Idaho Dischargers' and Defendants' experts have also had many additional discussions involving the underlying science and possible permitting in the litigation.

The Idaho Dischargers and Defendants have reached an agreement in principle concerning the issues in the litigation and have exchanged communications detailing the terms of the agreement.  The resolution involves EPA issuing draft and later final National Pollutant Discharge Elimination System ("NPDES") permits to the Idaho Dischargers with certain terms that the Idaho Dischargers find acceptable.  While EPA has primacy in Idaho for issuing NPDES permits, the Idaho Dischargers and Defendants recognize that EPA does not have exclusive

control over the terms of the final NPDES permits.  The draft permits, before becoming final, are subject to public review and comment, and those comments and EPA's response to them cannot yet be known.  Also, the Idaho Department of Environmental Quality ("DEQ") will issue (or decline to issue) a certification about the proposed permits and their consistency with Idaho water quality standards under Section 401 of the Clean Water Act (the "401 certification"). Some of the issues that DEQ's 401 certification and other input are expected to resolve will be antidegradation issues under the Clean Water Act, a compliance schedule for the Idaho Dischargers to comply with the final permits, and interim limits for total phosphorus ("TP"), ammonia nitrogen ("$NH_3$-N"), and 5-day carbonaceous biochemical oxygen demand ("$CBOD_5$").  If and when DEQ will issue a 401 certification with terms consistent with the Idaho Dischargers' and Defendants' agreement cannot yet be known.  It is expected that the permit-issuance process will take approximately one year.  If the permits are appealed, issuance of final permits could take longer.

      The Idaho Dischargers and Defendants expect that this litigation will be unnecessary if draft and final permits are ultimately issued consistent with their preliminary agreement.  While the Idaho Dischargers and Defendants could pursue the litigation simultaneously with the permitting process, the Idaho Dischargers and Defendants believe a more economical use of judicial resources and the Parties' resources would be to stay the litigation until the permitting process, including DEQ's 401-certification and the public-comment period on the draft permits, has been concluded.

        Therefore, Plaintiffs move that the litigation be stayed until, the earlier to occur of, (i) final NPDES permits have been issued to the Idaho Dischargers and all appeals and challenges to these final permits have run or (ii) such time as the Court lifts the stay upon a motion by any

Party that the stay is no longer necessary or appropriate or that the stay is being abused.  During the stay, Idaho Dischargers and Defendants will prepare and file with the court a joint status report at least once every three months on the status of the permitting process and the appropriateness of continuing the stay.

DATED this 6th day of September, 2011.

GIVENS PURSLEY LLP

By _____/s/_____
Peter G. Barton
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Idaho by using the CM/ECF system. Participants in the case will be served who are registered CM/ECF users will be served by the CM/ECF system.

| | |
|---|---|
| David Daggett | daviddaggett@dwt.com |
| Craig Gannett | craiggannett@dwt.com |
| Fred Burnside | fredburnside@dwt.com |
| Deborah A. Ferguson | deborah.ferguson@usdoj.gov |
| Michael Clyde Gridley | legal@cdaid.org; mgridley@cdaid.org |
| James A. Tupper | tupper@tuppermackbrower.com |
| Erika Eaton Malmen | emalmen@perkinscoie.com |
| Karen M. McGaffey | kmcgaffey@perkinscoie.com |
| Cynthia J. Morris | c.j.morris@usdoj.gov |
| Mark A. Ryan | ryan.mark@epa.gov |
| John Ray Nelson | nelsj@foster.com |
| Lori A. Terry | terrl@foster.com |
| Richard Eichstaedt | ricke@cforjustice.org |
| Craig S. Trueblood | craig.trueblood@klgates.com |

GIVENS PURSLEY LLP

By   _____/s/_____
  Peter G. Barton
  *Attorneys for Plaintiffs*